Dennis A. Cammarano, Esq.--037242
CAMMARANO LAW GROUP
Attorneys for Plaintiff,
SOMPO JAPAN INSURANCE INC.
555 E. Ocean Blvd., Ste. 501
Long Beach, CA 90802
Tel: 562.495.9501
Fax: 562.495.3674
Email: dcammarano@camlegal.com

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOMPO JAPAN INSURANCE INC., | IN ADMIRALTY |
| Plaintiff, | CIVIL ACTION NO. |
| v. | **COMPLAINT FOR:** |
| MSC MEDITERRANEAN SHIPPING COMPANY S.A.; and DOES 1 through 10, inclusive, | 1. **DAMAGE OF CARGO;** <br> 2. **NEGLIGENCE/WILFUL MISCONDUCT** |
| Defendants | 3. **BREACH OF BAILMENT** <br> 4. **BREACH OF CONTRACT** |

Plaintiff SOMPO JAPAN INSURANCE INC., for causes of action against MSC MEDITERRANEAN SHIPPING COMPANY S.A., and Does 1 through 10, inclusive, ("Defendant"), alleges as follows:

### JURISDICTIONAL ALLEGATIONS

1.    This action involves admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and is within this Court's admiralty and maritime jurisdiction.  As well, this court has jurisdiction as a Federal Question under

28 U.S.C. § 1331, in that the dispute arises under federal law, including the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. § 30701 et. seq. and/or the Harter Act, 46 U.S.C. Appendix 190, et seq.

2. Venue is proper in this judicial district as the Defendants' sea waybill specifies this Court in this judicial district as the designated forum for resolution of disputes.

## THE PARTIES

3. Plaintiff, SOMPO JAPAN INSURANCE INC. ("SOMPO" or "Plaintiff") is a foreign insurance company authorized to do business in the State of Illinois with an office and place of business c/o Sompo International located at 777 Third Avenue, 24th Floor, New York, New York, 10017. Plaintiff brings this action in its own name as it is the subrogated insurer of the cargo owner, YOKOREI CO., LTD. (hereinafter "YOKOREI"). YOKOREI imports and exports wholesale food products and was the owner of the cargo described below. Having paid for the loss of the cargo described below, SOMPO is subrogated to YOKOREI'S rights against Defendants.

4. Defendant MSC MEDITERRANEAN SHIPPING COMPANY S.A. ("MSC") is a corporation doing business in this judicial district as a vessel operating and owning common carrier with an office and place of business care of MEDITERRANEAN SHIPPING COMPANY (USA) INC. at 420 Fifth Avenue, 8th Floor, New York, New York 10018.

5. The true names and capacities, whether individual, corporate, associate or

otherwise, of Defendants designated herein as DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names.

6. Plaintiff is informed and believes, and thereon alleges, that each of Defendants designated herein as a DOE 1 through 10, inclusive, is, in some manner, legally responsible for the events and happenings herein referred to, and when the names and capacities of said Defendants are ascertained, Plaintiff will seek leave of Court to amend this Complaint to reflect their true names and capacities.

## FIRST CAUSE OF ACTION

(Damage of Cargo)

7. Plaintiff incorporates by reference paragraphs 1 through 6, inclusive, of this Complaint as fully set forth herein.

8. Under its negotiable bill of lading MEDUU6068677 dated July 23, 2022, MSC and other Defendants accepted a shipment of 1,170 cartons of frozen pork products ("Cargo") in container MEDU9051207 for carriage from Fremont, Nebraska to Tokyo, Japan via the Ports of Long Beach, California and Yokohama, Japan. The Cargo aboard the MAERSK ELBA voyage 229S was to be transported to the Port Yokohama, Japan in the same good order and condition as when received. Instead, the Cargo was deteriorated due to in-transit high-side temperature abuse.

9. Defendant failed and neglected to carry and deliver the Cargo and maintain its good order and condition as when received. The frozen Cargo was found to have defrosted in transit resulting in the Cargo's rejection which is a  breaches of

Defendant's statutory and legal obligations.

10. As a result, Plaintiff and its insured have been damaged in the amount of $51,597.00, plus, interest and costs, no part of which has been paid by Defendants despite demand therefore.

## SECOND CAUSE OF ACTION

(Negligence/Wilful Misconduct/Deviation)

11. Plaintiff refers to paragraphs 1 through 10, inclusive, of this complaint and incorporates them herein as though fully set forth.

12. The loss of the Cargo was directly caused by the negligence, carelessness, and/or material wilful deviation of the carriage by MSC.

13. Thus, Plaintiff has been damaged in the sum of $51,597.00, plus interest and costs, no part of which has been paid by Defendant despite demand therefore.

## THIRD CAUSE OF ACTION

(Breach of Bailment)

14. Plaintiff refers to paragraphs 1 through 13, inclusive, of this complaint and incorporates them herein as though fully set forth.

15. The damage to the Cargo was the direct result of the acts and omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the Cargo.

16. Thus, Plaintiff has been damaged in a sum of $51,597.00, plus interest and costs, no part of which has been paid by Defendant despite demand therefore.

## FOURTH CAUSE OF ACTION

(Breach of Contract)

17. Plaintiff refers to paragraphs 1 through 16, inclusive, of this complaint and incorporates them herein as though fully set forth.

18. On July 23, 2022, YOKOEORI and MSC entered into a written agreement as reflected on the face of MSC bill of lading MEDUU6068677 wherein such Defendants agreed to move the Cargo from its origin in Fremont, Nebraska to Tokyo, Japan.

19. Defendants materially and substantially breached and deviated from their agreements by failing to deliver the Cargo in the same good order and condition as when received.

20. As a direct result of such breach and deviance, Plaintiff has been damaged in the sum of $51,597.00, plus interest and costs, no part of which has been paid by Defendant despite demand therefore.

**WHEREFORE,** Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For general damages in the sum of $51,597.00, plus miscellaneous expenses, interest and costs;

2. For pre-judgment interest from July 23, 2022, at the rate of 6% per annum or as otherwise allowable by the Court:

\\\

3.   For post-judgment interest at the maximum allowable rate;

4.   For costs of suit herein; and,

5.   For such other and further relief as this court deems just and proper.

Dated: August 29, 2023                CAMMARANO LAW GROUP

By: */s/Dennis A. Cammarano*
Dennis A. Cammarano
555 East Ocean Blvd., Suite 501
Long Beach, California 90802
Telephone: (562) 495-9501
Facsimile: (562) 495-3674
E-mail: dcammarano@camlegal.com
Attorneys for Plaintiff,
SOMPO JAPAN INSURANCE INC.
3601 Complaint 082923.wpd